# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO VERDUGO-GONZALEZ,<br><br>                              Petitioner,<br>      vs.<br><br>TOM RIDGE, Secretary of the Department of Homeland Security; ALBERTO R. GONZALES, Attorney General; CAROL LAM, Director of San Diego Field Office; BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERTO RILLAMAS, Officer in Charge,<br><br>                              Respondents. | CASE NO. 07cv0402-LAB (CAB)<br><br>**ORDER DENYING**<br>**28 U.S.C. § 2241 PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

Petitioner Leonardo Verdugo-Gonzalez ("Verdugo-Gonzalez" or "Petitioner"), a native and citizen of Mexico, is a permanent resident lawfully admitted to the United States in December 1985. Pet. p. 4. He has filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition") alleging he has been unlawfully detained in the custody of the Secretary of Homeland Security ("DHS") since February 2006, following his service of a sentence for a felony conviction. Administrative proceedings resulted in an Order for his removal from the United States. His Petition For Review of the final removal Order is currently pending before the Ninth Circuit. Verdugo-Gonzalez asks this court for interim release on grounds: he disputes his underlying conviction was for an aggravated felony; he contends a lawful

permanent resident should not be subject to Immigration and Nationality Act ("INA") § 236(c) mandatory detention; and his purportedly mandatory detention violates his Fifth Amendment due process rights. Id. The government filed a Return, and Verdugo-Gonzalez filed a Traverse. For the reasons discussed below, the Petition is **DENIED**.

## I.     BACKGROUND

The Bureau of Immigration and Customs Enforcement ("ICE") took Verdugo-Gonzalez into custody for removal proceedings after he served time for a one-year and four month sentence for a July 2003 conviction following his guilty plea to a violation of CAL. PENAL CODE § 496(a), receiving stolen property. Pet. pp. 1-2; Traverse p. 3. The DHS charged him with removability under INA § 237(a)(2)(A)(iii) and § 101(a)(43)(G) for having been convicted of an aggravated felony, "based only on [the] 'receiving stolen properties conviction,'" although he acknowledges "other convictions were [also] part of the record."[1] Traverse p. 3. He applied for a cancellation of removal. In April 2006, an Immigration Judge ("IJ") ordered him removed based on his criminal conviction. He appealed that result to the Board of immigration Appeals ("BIA"). The BIA adopted the IJ's reasoning and affirmed the IJ's decision, finding Verdugo-Gonzalez did not carry his burden under 8 C.F.R. § 1240.8(d),[2] and his conviction was for an aggravated felony rendering him statutorily ineligible for cancellation of removal. Return Exh. E, pp. 1-2. He challenges that result as erroneous, arguing receiving stolen property is not a serious or violent felony, and he further argues he has been wrongfully denied bail.

In a 10-page written Decision and Order, the IJ reviewed the facts of Verdugo-Gonzalez's theft offense and plea admissions. Relying on the documentary record and pursuant to INA § 101(a)(43)(g) (providing a theft offense, including receipt of stolen property

---

[1] The IJ had before him a record "that the respondent was convicted on July 16, 2003 for violation of Section 11377(a) of the California Health and Safety Code for possession of methamphetamine," including the abstract of judgment, the felony complaint charging Petitioner with the crime, and relevant plea documents. Return Exh. D, p. 2.

[2] "If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

for which the sentence is one year or more, qualifies as an aggravated felony), the IJ found Verdugo-Gonzalez is disqualified for statutory relief from removal. Return Exh. D, pp. 4-9. Verdugo-Gonzalez filed in the Ninth Circuit a Petition For Review of the agency decision. He requested and was "granted a stay of deportation" associated with those proceedings. Pet. pp. 4-5, 7; Traverse p. 3. He now seeks habeas corpus relief from this court in the form of release from custody while he awaits the Ninth Circuit's ruling. Pet. p. 7.

Respondents challenge the availability of habeas relief in Petitioner's circumstances. Dkt No. 8. They argue Verdugo-Gonzalez's detention pending judicial review of his case is voluntary, foreclosing habeas review because he is no longer subject to mandatory detention under 8 U.S.C. § 1226(c) and is not yet subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Rather, he is subject to DHS discretionary detention under 8 U.S.C. § 1226(a), and bond decisions are beyond the scope of habeas proceedings.[3]

## II.   DISCUSSION

Before the court can reach Petitioner's arguments on the merits, it must address its own jurisdiction to consider a 28 U.S.C. § 2241 petition for the relief requested. The "REAL ID Act," Pub. Law 109-13 enacted May 11, 2005, amended portions of the INA, 8 U.S.C. § 1252 and clarified the scope of judicial review of removal orders. Verdugo-Gonzalez acknowledges those amendments establish the exclusive means to challenge a final Order of removal, deportation, or exclusion is through a petition for review filed with the appropriate court of appeal, including such Orders against an alien "who is removable by reason of having committed" an aggravated felony. Traverse pp. 9-10; *see* 8 U.S.C. § 1252(a)(2)(C). His "arguments against removal" (Traverse p. 11) accordingly must be decided there. However, in appropriate circumstances, the district courts retain habeas jurisdiction over the lawfulness of concurrent *detention* challenges because the propriety of detention is a consideration independent of removability.

---

[3] The court need not address Respondents' suggestion it "transfer to the United States Court of Appeals for the Ninth Circuit the portions of this case that challenge the final administrative order of removal" because, as they also note, Verdugo-Gonzalez's petition for review is already pending there. Return 13:10-14, n.8.

Although it is for the Ninth Circuit rather than this court to review the removal Order or to recharacterize the nature of his criminal conviction, applying statutory definitions, Verdugo-Gonzalez's conviction appears on its face to have been for an aggravated felony as defined for immigration purposes, contrary to his assertion.[4]  See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1051-52 (9th Cir. 2005) (IIRIRA "expanded the definition of aggravated felonies to include receipt of stolen property if the term of imprisonment was at least one year and made this change retroactive").[5]  This court merely observes the inference Verdugo-Gonzalez apparently would have it draw from his argument challenging the characterization of his conviction (*i.e.,* a purported likelihood he may prevail in the Ninth Circuit) as affecting the merits of his request for interim habeas relief is neither appropriately drawn nor persuasive.

Addressing only those portions of the Petition within the jurisdictional scope of 28 U.S.C. § 2241 review, the court finds Verdugo-Gonzalez's arguments in support of interim habeas relief are without merit.  Section 236 of the INA (8 U.S.C. § 1226) provides that once the agency's removal proceedings are "complete," procedures regarding detention and release of aliens are controlled by INA § 241 (8 U.S.C. § 1231).  Section 241 directs the agency to endeavor to remove an alien within 90 days after the start of the removal period. 8 U.S.C. § 1231(a)(1)(A).  Verdugo-Gonzalez's detention gives rise to no concern associated with the codified "removal period" duration because it has not yet been triggered.

> The removal period begins on the latest of the following: (i) The date the order of removal becomes final.  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.  (iii) If the alien is

\\

---

[4]  Verdugo-Gonzalez relies on Bell v. Renom, 218 F.3d 86 (2nd Cir. 2000) for the proposition: "The jurisdictional issue thus merges with the question on the merits: If Petitioner is in fact removable because he was convicted of an aggravated felony as defined by subsection . . . , we must dismiss his petition for lack of jurisdiction, while if he is not removable under these subsections, we may exercise jurisdiction and vacate the order of removal." Traverse 10:10-18, *also citing* Ye v. INS, 214 F.3d 1128 (9th Cir. 2000).  However, those opinions emanate from courts of appeal deciding petitions for review, not from district courts in habeas corpus proceedings.

[5]  Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 ("IIRIRA"); *see* 8 U.S.C. § 1101(a)(43)(G) (encompassing receipt of stolen property in the aggravated felony definition).

>>detained or confined (except under an immigration process), the
>>date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B); *see* Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) ("If [as here] the removal order is stayed pending judicial review, the ninety-day [removal] period begins running after the reviewing court's final order").

Moreover, although an alien may not pursue a defense from outside the United States during administrative proceedings, an appeal of a removal Order through a petition for judicial review by the circuit courts may be pursued from outside the United States. *See* 8 U.S.C. §§ 1229(b)(5), 1252(b)(3)(b); *see also* Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) ("We may . . . entertain a petition after the alien has departed"). Verdugo-Gonzalez successfully sought a stay of removal while he pursues his judicial remedies on the merits of his challenges to the removal Order. His current detention is accordingly of his own choosing and is subject to the provisions of Section 236 of the INA (8 U.S.C. § 1226(c)) according agency discretion on the issue of interim releases. His contention that provision has been found to be unconstitutional as applied to lawful permanent resident aliens relies on distinguishable cases. Pet. p. 11. He purports to demonstrate, relying *inter alia* on the standards discussed in Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v. Kim, 538 U.S. 510 (2003), that as a lawful permanent resident, his "indefinite mandatory detention" violates due process.[6] Traverse 4:1-27. However, those characterizations – *i.e.*, his detention is "mandatory" and "indefinite" – are inaccurate. When the Ninth Circuit decides his Petition For Review, he will either be removed from the United States or released. Unlike in Zadvydas, he raises no issue associated with any impediment to his ultimate removal should he not prevail in the Ninth Circuit.[7]

---

[6] The duration of his detention does not trigger the concerns associated with the expiration of presumptively reasonable removal periods because: (1) the statutory 90-day removal period will not begin to run until the Ninth Circuit issues its final Order deciding his petition; and (2) the six-month period deemed constitutionally reasonable thereafter, as discussed in Zadvydas, does not begin to run until the 90-day statutory period has elapsed.

[7] Verdugo-Gonzalez's reliance on Tijani v. Willis, 430 F.3d 1241 (9th Cir. .2005) is also misplaced. The Tijani court expressly avoided the constitutional issue presented by that alien's detention for a period exceeding two years and eight months, relying instead on the "expeditious"

1    With respect to Verdugo-Gonzalez's argument he should be released on bond
2 because he poses no flight risk, poses no present danger to property or persons, and the
3 government has not provided any other "special justification" to warrant his continued civil
4 detention (Pet. pp. 8-12. ), judicial review of such discretionary decisions is not properly
5 addressed in habeas corpus proceedings.  See Singh v. Ashcroft, 351 F.3d 435, 439 (9th
6 Cir. 2003) ("The scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that
7 allege constitutional or statutory error in the removal process").  Challenges to factual
8 determinations by an agency or discretionary decisions such as whether to grant bond,
9 irrespective of the wisdom of such decisions, are beyond the limited jurisdiction of the court's
10 28 U.S.C. § 2241 habeas review.  See Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 829-30 (9th
11 Cir. 2002) (habeas petitions that do not "allege constitutional or statutory error in the removal
12 process" but "simply seek to change the discretionary result reached by the INS are not
13 within the scope of § 2241 and should be denied").  Unlike the petitioners in Zadvydas and
14 Demore, Verdugo-Gonzalez is not being held for an indefinite or potentially permanent
15 period.  Respondents observe the duration of the judicial review proceedings Verdugo-
16 Gonzalez initiated "are beyond the administrative control of the Government."  Return 3:10-
17 13.  His custody in the meantime is accordingly not attributable to any action by the agency
18 beyond the scope of its statutory prerogatives.  For all the foregoing reasons, **IT IS HEREBY**
19 **ORDERED** the Petition is **DENIED**.
20    **IT IS SO ORDERED**.
21 DATED:  January 16, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

language of 8 U.S.C. § 1226(c) and the government's dilatory response to the appeal.  Tijani, 430 F.3d at 1242.  The Tijani case is also distinguishable because the court ordered that alien be granted a hearing "before an Immigration Judge with the power to grant him bail. . . ."  Id.  In this case, "ICE continues to conduct custody determinations regarding whether petitioner should be released while his appeal is pending before the Ninth Circuit."  Return 3:6-7.